# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION NO. 03:06-237-1 |
| v. ) | |
| ) | |
| CHRISTOPHER FEKOS, ) | JUDGE KIM R. GIBSON |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court is Defendant Christopher Fekos' Motion for Transfer to the Allegheny County Jail (Document No. 72), as well as the United States' Response thereto. Document No. 77. Defendant was indicted in the Pittsburgh Division of the Western District of Pennsylvania on June 28, 2006, and was released from detention after executing an unsecured bond on July 18, 2006. Document Nos. 1 & 19. The matter was reassigned to this Court on September 28, 2006, and, at a detention hearing on March 15, 2007, Magistrate Judge Amy Hay revoked Defendant's bond. Document No. 73. Though Magistrate Judge Hay provided for Defendant's possible release under certain conditions, Defendant has evidently been unable to meet those conditions, which include the execution of a $250,000 corporate surety bond. *See* Criminal Docket No. 2:07-76, Document No. 19.

Due to a hearing in the above-captioned matter on March 23, 2007, Defendant was transferred from a detention facility in Pittsburgh, Pennsylvania, to the Cambria County Jail. As a result of the presentations made at that hearing, the Court granted a motion to withdraw made by Defendant's counsel. Document No. 70. Thereafter, substitute counsel, Stanton Levenson of Pittsburgh, entered his appearance on Defendant's behalf. Document No. 69. Defendant's trial date was also continued from April 4, 2007, to July 9, 2007. Document No. 74. Defendant remains detained in the Cambria County Jail and now requests a transfer back to Allegheny County pending trial. The substantive

1

portion of the motion states in its entirety: "Defendant's counsel is located in Pittsburgh; thus, it will be difficult for him to prepare for trial if he has to travel to Cambria County to meet with Defendant." Document No. 72, 3.

A criminal defendant has no constitutional right to the pretrial detention facility of his choice, and pretrial inter-prison transfers are only subject to court review under certain circumstances. As the Eighth Circuit has noted.:

> the due process clause is not implicated when a pretrial detainee is transferred from one prison to another. However, a detainee's constitutional rights may be infringed where the transfer interferes with his right to assistance of counsel; the state has created a liberty interest in remaining in a particular facility; or the nature and duration of the new form of incarceration exceeds the original purpose for which he was detained.

*Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993) (citations omitted). Similarly, the Third Circuit has held that transferred pretrial detainees may be entitled to relief where the transfer interfered with the right to counsel or to a speedy trial. *Cobb v. Aytch*, 643 F.2d 946 (3d Cir. 1981). As lower courts have subsequently construed *Cobb*, that case requires Defendant to "adduce [some] evidence demonstrating that the transfer . . . substantially interfered with his speedy trial and effective assistance of counsel rights." *Demeter v. Buskirk*, No. 03-4761, 2004 U.S. Dist. LEXIS 3346, at *17 (E.D. Pa. Mar. 1, 2004).

Defendant has not yet claimed any infringement of his constitutional rights that might entitle him to relief. On its face, the motion *sub judice* apparently petitions only the discretion of the Court and requests an order directing the U.S. Marshals to transport Defendant from Cambria County to Allegheny County. However, this Court is without authority to issue "a writ of mandamus against a federal executive officer." *Garland v. Sullivan*, 737 F.2d 1283, 1290 (3d Cir. 1984) (Becker, J., concurring) *aff'd sub nom. Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S. Ct. 355,

2

88 L. Ed. 2d 189 (1985). *Garland* and *Pennsylvania Bureau* indicate that this Court can only direct the actions of United States Marshals when permitted to do so by express statutory authority or exceptional circumstances. Under this principle, the Supreme Court held that district courts may not order marshals to transport state prisoners to and from federal courthouses. *Pennsylvania Bureau*, 474 U.S. at 43. Extrapolating from that case, and finding that Defendant has cited neither a source for the authority he appeals to nor a constitutional injury that could compel federal judicial intervention, the Court finds that the motion must be denied.

An appropriate Order follows.

**AND NOW**, this 30th day of March, 2007, upon consideration of Defendant Christopher Fekos' Motion to Transfer (Document No. 72), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc:   All counsel of record**