IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION NO. 02:06-237-1 |
| v. ) | |
| ) | |
| CHRISTOPHER FEKOS, ) | JUDGE KIM R. GIBSON |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court is Defendant Christopher Fekos' Motion for Reconsideration of the Court's Order denying his request for transfer from the detention facility in Cambria County, Pennsylvania, where he is currently housed, to a facility in Allegheny County, Pennsylvania, closer to his family and the attorney representing him. Document No. 83. Upon review of the original motion and the government's opposition thereto, this Court held that, in the absence of evidence that Defendant's detention in Cambria County would substantially interfere with his Sixth Amendment right to counsel, it was without the power to direct the U.S. Marshal for this district to transport Defendant back to Allegheny County, where Defendant was originally indicted. Document No. 79. Defendant now renews his motion, stating:

> In order to properly prepare for trial counsel will need to spend a substantial amount of time with Defendant reviewing the numerous documents involved in this case. Having to travel back and forth to the Cambria County Jail will limit the amount of time counsel can spend with the Defendant and will result in a deprivation of Defendant's sixth amendment [sic] right to the effective assistance of counsel.

Document No. 83, ¶¶ 5-6. Counsel for Defendant, Stanton D. Levenson, maintains his office at 707 Grant Street in Pittsburgh, approximately seventy-five miles from the jail where Defendant is housed. *Id.* at ¶ 3.

Geographic separation does not in and of itself infringe upon the right to counsel. *Demeter v.*

1

*Buskirk*, No. 03-4761, 2004 U.S. Dist. LEXIS 3346, at *18 (E.D. Pa. Mar. 1, 2004). While the Court recognizes that Defendant's case may involve voluminous documentary evidence, it cannot conclude that the circumstances create a sufficient likelihood of constitutional injury that could provide the jurisdiction necessary to enjoin agents of the executive branch. The Court presumes that Defendant's transfer was intended to help ensure his presence at appropriate hearings, thus facilitating rather than obstructing due process. Though there is naturally some tangential effect on the convenience with which counsel may visit his client, the Court finds it is not of such magnitude that warrants judicial intervention.

An appropriate Order follows.

**AND NOW**, this 13th day of April, 2007, upon consideration of Defendant Christopher Fekos' Motion for Reconsideration of Defendant's Motion for Transfer (Document No. 83), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Cc:   **All counsel of record**

2